(112 So. 220)

SOUTH v. COOK. (6 Div. 693.)

Supreme Court of Alabama. April 7, 1927.

Mortgages ⟲319(3)—Trial court's finding that mortgage was paid in full held not error, especially in view of usurious interest.

In suit to enjoin foreclosure of mortgage, finding of trial court that mortgage had been paid in full, based on accounts extending over 20 years, *held* not error, especially in view of usurious interest charges.

Appeal from Circuit Court, Fayette County; R. L. Blanton, Judge.

Bill in equity by W. M. Cook against J. F. South, to enjoin foreclosure of a mortgage. From a decree for complainant, defendant appeals. Affirmed.

W. W. Monroe, of Fayette, and J. J. Ray and R. A. Cooner, both of Jasper, for appellant.

Counsel argue for error in the decree, but without citing authorities.

S. T. Wright, of Fayette, for appellee.

The testimony supports the trial court, and the decree granting complainant relief was properly rendered. Griffin v. Griffin, ante, p. 104, 109 So. 757; Bell v. Blackshear, 206 Ala. 673, 91 So. 576.

SAYRE, J. Bill by appellee to enjoin the threatened foreclosure of a mortgage on land owned by him; the theory of the bill being that the mortgage debt had been paid in full. Appellant was a merchant advancing supplies to appellee, a farmer. The mortgage in controversy was executed in February, 1908, but it was given in part in renewal of a mortgage dated in 1905, and, in addition to the land therein described, purported to convey "also all rents of above-described real estate cultivated by tenants" and some personal property. The evidence showed—and about this there was no dispute—that from year to year after the last-dated mortgage appellee had also executed to appellant a mortgage on the crops grown by the farmer, and a large part of the dispute between the parties related to the proper application of payments made in money, in cotton, and in other produce. It will be observed that the issue between the parties, broadly stated, involved the examination of accounts reaching back over a period of 20 years. This issue the circuit judge, sitting as chancellor, undertook, without a reference to the accounting officer of the court, to determine by hearing the testimony ore tenus and by inspecting numerous documentary exhibits, many of which have been under appropriate order transmitted to this court for further consideration. However, the chancellor had the benefit of the examination of five books of account covering the period in question which we have not had the pleasure of examining. It may be that, if we were proceeding to state a definite conclusion as to the account between the parties aside from the issue to be stated presently, these books would be of considerable importance, for, while appellant submitted a statement of the account which he deposed had been drawn from the books, appellee claimed quite a number of serious errors in the statement, and appellant admitted some of them; that is, he admitted the statement did not in all respects accurately represent the account as shown by the books. Appellee introduced several receipts for money paid to appellant which appellant contended and deposed had been fraudulently altered by appellee so as to show larger payments than had been shown by the receipts when given or had been changed as to dates so as to show credits on dates not shown by the statement of account to which reference has been made. Appellee denied the alterations and changes thus alleged, and offered other testimony tending to support his contention as to one or two of them. These receipts were crudely drawn in pencil—some of them

---

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

so obviously changed as that this circumstance of itself lends some weight to appellee's testimony that they were changed in the making; and some of them, admitted by appellant to be genuine, were superficially as provocative of suspicion as those in dispute. The result is that, notwithstanding we have given our best consideration to the evidence before us on the issue of payment vel non, we have been unable to find error in the conclusion which the trial judge reached in agreement with appellee's contention that the mortgage debt had been paid in full, this, though no notice be taken of another form of that issue, to be noticed presently.

The trial court, as its opinion discloses, thought it proper to dispose of the cause on an issue now to be stated in the language of the chancellor:

"The court finds that usurious interest enters into the consideration of the note and mortgage involved in this suit, being for the sum of $775, given on February 1, 1908, by the complainant Cook, joined by his wife, to the respondent South; that it was agreed between the parties that interest at the rate of 10 per centum for a period of less than one year" (the debt was payable November 1, 1908) "should be paid by complainant to respondent for the loan of the money that formed the basis of the consideration for the mortgage, and that such usurious interest was calculated and entered in the face of the note and mortgage as a part of the consideration thereof. The court further finds that said note and mortgage of February 1, 1908, was, as a part of its consideration, a renewal of a former note and mortgage between the same parties, for the sum of $775, of date January 17, 1905, and that $40 of the consideration of said former note and mortgage was for usurious interest, being interest figured at the rate of 10 per centum for a period of less than one year" (that debt was due December 15th next after its date) "and that the payment of this usurious interest was agreed upon between the parties at the time."

The court further found that, eliminating all usury and interest charges, payments acknowledged by appellant more than sufficed to pay the mortgage debt, and decreed accordingly. Appellee testified categorically to the facts supporting the decree; appellant positively testified to the contrary. Some facts tended to corroborate appellee's theory of the case, as, for example, it appeared that appellant was in the habit of adding 10 per centum to the accounts of his customers that went over from one year into the next. At any rate, the trial judge had these parties before him, heard their different stories, and we are not in a position to say that he committed error.

Let the decree be affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.